IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KATHY K.,[1]

      Plaintiff,

      v.                                                                                    Case No. 21-cv-59-SCY

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

      Defendant.

**MEMORANDUM OPINION AND ORDER**[2]

Plaintiff argues that the Commissioner committed error when she denied Plaintiff's claim for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434. Plaintiff argues that the ALJ overlooked or failed to consider evidence favorable to her disability claim while discussing mostly unfavorable evidence. Plaintiff also argues that the ALJ abdicated her factfinding role in favor of the Vocational Expert by finding that Plaintiff can return to her past relevant work. The Court disagrees with Plaintiff on both counts. As a result, the Court DENIES Plaintiff's Motion To Reverse And Remand, With Supporting Memorandum, Doc. 20, and affirms the decision below.[3]

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 3, 8, 9. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c).

[3] The Court reserves discussion of the background, procedural history, and medical records relevant to this appeal for its analysis.

## APPLICABLE LAW

    A.    <u>Disability Determination Process</u>

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (pertaining to disability insurance benefits); *see also id.* § 1382c(a)(3)(A) (pertaining to supplemental security income disability benefits for adult individuals). The Social Security Commissioner has adopted the familiar five-step sequential evaluation process ("SEP") to determine whether a person satisfies the statutory criteria as follows:

    (1)    At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[4] If the claimant is engaged in substantial gainful activity, she is not disabled regardless of her medical condition.

    (2)    At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s). If the claimant does not have an impairment or combination of impairments that is severe and meets the duration requirement, she is not disabled.

    (3)    At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of the regulations and meets the duration requirement. If so, a claimant is presumed disabled.

    (4)    If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the

---

[4] "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). The claimant's "[w]ork may be substantial even if it is done on a part-time basis or if [she] doe[es] less, get[s] paid less, or ha[s] less responsibility than when [she] worked before." *Id.* "Gainful work activity is work activity that [the claimant] do[es] for pay or profit." *Id.* §§ 404.1572(b), 416.972(b).

>       most [the claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Second, the ALJ determines the physical and mental demands of the claimant's past work. Third, the ALJ determines whether, given the claimant's RFC, the claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled.
>
> (5)   If the claimant does not have the RFC to perform her past relevant work, the Commissioner, at step five, must show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. If the Commissioner is unable to make that showing, the claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4) (supplemental security income disability benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner at step five to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

  B. <u>Standard of Review</u>

The court must affirm the Commissioner's denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Casias*, 933 F.2d at 800-01. In making these determinations, the court "neither reweigh[s] the evidence nor

substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118 (internal quotation marks omitted), or "constitutes mere conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Therefore, although an ALJ is not required to discuss every piece of evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence" and "a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (internal quotation marks omitted). But where the reviewing court "can follow the adjudicator's reasoning" in conducting its review, "and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The court "should, indeed must, exercise common sense." *Id.* "The more comprehensive the ALJ's explanation, the easier [the] task; but [the court] cannot insist on technical perfection." *Id.*

4

## ANALYSIS

Plaintiff makes two arguments on appeal: that the ALJ failed to consider Plaintiff's statements concerning the limiting effects of her impairments and that the ALJ wrongly delegated the responsibility to determine the demands of past relevant work to the vocational expert.

**I.     ALJ's Failure to Consider Plaintiff's Statements**

Plaintiff argues that the ALJ rejected her complaints of pain without adequate support from the record. Doc. 20 at 9. Defendant responds that the ALJ had ample evidence to come to the conclusions she did and that the ALJ is not required to discuss every piece of evidence in the record. Doc. 24 at 10.

"The regulations require the ALJ to consider all evidence in the case record when he makes a determination or decision whether claimant is disabled." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (citing 20 C.F.R. § 404.1520(a)(3)) (internal quotation marks and alterations omitted). However, while "[t]he record must demonstrate that the ALJ *considered* all of the evidence," she "is not required to *discuss* every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (emphasis added). "Rather, in addition to discussing the evidence supporting [her] decision, the ALJ also must discuss the uncontroverted evidence [s]he chooses not to rely upon, as well as significantly probative evidence [s]he rejects." *Id.*

The Court finds that the ALJ has adequately considered the entire record and reached a decision supported by substantial evidence. To begin, the ALJ identified Plaintiff's testimony that her foot pain and numbness are disabling, that she can only walk about a block, that she must elevate her feet while sitting, that she has other mobility limitations, and that she has difficulty concentrating. AR at 20. The ALJ therefore acknowledged the contents of Plaintiff's

testimony. However, she determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" *Id.* Although this statement is boilerplate, it is supported by a thorough review of the record.

To support this conclusion, the began with Exhibit 1F, Plaintiff's July 2018 visit with her podiatrist Dr. Williamson. The ALJ correctly identified that Plaintiff stated that her pain began a month prior and occurred infrequently, although she failed to note that later the same document states that Plaintiff is "hurting all the time" and that she experiences numbness, abnormal gait, and tingling. AR 21, 273-74. Nonetheless, the Court finds that the ALJ *considered* this evidence because the ALJ recognized earlier in her report that Plaintiff testified to pain and numbness in her feet and difficulty walking and standing, among other challenges. Plaintiff cites to her testimony that the pain was "intense" and that it distracted her from her job duties, Doc. 20 at 10, but the ALJ's report does reference pain and an associated difficulty focusing—just not in the same paragraph. *See* AR 20; *see also Endriss v. Astrue*, 506 F. App'x 772, 777 (unpublished) (10th Cir. 2012) ("The ALJ set forth a summary of the relevant objective medical evidence earlier in his decision and he is not required to continue to recite the same evidence again . . . .").

The ALJ next addressed Plaintiff's physical examination in October 2018, in which Plaintiff had a normal range of motion and no edema. AR 21, 301. Plaintiff argues, correctly, that this visit did not pertain to her foot condition, Doc. 20 at 10, but the ALJ did not claim otherwise. The ALJ simply referenced the musculoskeletal findings at that exam. Plaintiff cites no authority in support of her position that the ALJ was not permitted to do so. Regarding medical visits for purposes other than the impairment at issue in a disability application, the Court agrees with this analysis from the District of Kansas:

6

> The Court does not share Plaintiff's concern with regard to the ALJ's reliance on these examinations. Even though Plaintiff was not seeking treatment for her back pain, both doctors included information from her visits that is relevant to her back pain. . . . Plaintiff does not contend that either doctor was unqualified to make these medical findings. Nor does she cite any authority that the ALJ could not rely on medical evidence simply because the primary purpose of the doctor's visit was unrelated to her back pain.

*Karla Marie L. v. Saul*, No. 18-cv-02699, 2020 WL 1638060, at *7 (D. Kan. Apr. 2, 2020) (unpublished). While Plaintiff's October 2018 physical examination did not pertain to her feet specifically, she does not show that the findings that she had a normal range of motion and no edema are not valid medical determinations.

The ALJ moved on to a consultative examination performed by Dr. Rodriguez in October 2018, Exhibit 3F (AR 364-66). She identified Plaintiff's report of chronic foot pain, standing, sitting, walking limitations, and ability to perform chores and household tasks. AR 21. Plaintiff argues that she experienced tingling, pins and needles, burning, and swelling, which led to difficulty concentrating. Doc. 20 at 10. It is true that the ALJ did not mention those symptoms in this paragraph, but as described earlier, the ALJ did consider similar symptoms elsewhere in her report. The ALJ is not required to discuss every piece of evidence, especially evidence that is cumulative with that already discussed. *See Clifton*, 79 F.3d at 1009-10. Plaintiff also criticizes the ALJ's reliance on Dr. Rodriguez's conclusions that she would have moderate limitations in certain physical abilities, arguing that the doctor made his observations "without radiographic evidence." Doc. 20 at 10. Plaintiff does not explain why radiographic evidence would be necessary for Dr. Rodriguez to reach a valid conclusion, nor does she provide support for the assertion that a doctor must examine particular types of evidence before making an assessment.

Next, the ALJ discussed Plaintiff's September 2019 examination with her podiatrist Dr. Williamson. She noted that Plaintiff reported ongoing pain. AR 21. Plaintiff argues that her

hearing testimony included additional commentary on her pain, Doc. 20 at 11, but it is unclear what Plaintiff would have the ALJ further discuss when the ALJ already recognized that Plaintiff reported ongoing pain. The ALJ's description of the September 2019 examination is faithful to the record. *See* AR 21, 372-74.

Finally, after summarizing the medical reports, the ALJ compared Plaintiff's statements about her symptoms with the contents of the record. She noted repeated findings of Plaintiff's normal range of motion, normal sensation, normal gait, conservative course of treatment, needs that can be accommodated during normal breaks, and activities of daily living such as completion of chores and caring for pets. AR 22. Plaintiff makes a series of arguments against the ALJ's conclusions in this portion of her report.

First, Plaintiff argues that the ALJ should have recognized that the conservative treatment was not enough because she had done everything asked of her and still experienced pain. Doc. 20 at 11. But evidence that a claimant responds well to conservative treatment can be a proper factor to consider with respect to subjective symptom evidence. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).[5] The record contains evidence that Plaintiff responded well to treatment with cannabis and sought to continue that conservative course of treatment. AR 374. Therefore, the ALJ's reliance on this evidence was not error.

Plaintiff also objects to the ALJ's conclusion that elevating her legs for twenty minutes three times per day is a need that can be accommodated during normal breaks, pointing out that

---

[5] SSR 16-3p eliminated the use of the term "credibility" from Social Security regulations, in order to clarify that subjective symptom evaluation is not an examination of a claimant's character. 2016 WL 1119029, at *2. The instructions for evaluating subjective allegations in both rulings are the same, so case law using the term "credibility" remains relevant to evaluations of "subjective symptom evidence." *See Paulek v. Colvin*, 662 F. App'x 588, 593-94 (10th Cir. 2016) (unpublished); *Brownrigg v. Berryhill*, 688 F. App'x 542, 545-46 (10th Cir. 2017) (unpublished).

the vocational expert characterized this as a special accommodation. Doc. 20 at 11-12; AR 51. However, the vocational expert specifically stated that a person's need to elevate their legs "while performing their work" on an as-needed basis would be a special accommodation. AR 51 (question from ALJ). There is nothing in the record supporting Plaintiff's counsel's assertion that Plaintiff must raise her legs throughout the day "as needed." That is, counsel's hypothetical is different from the language in the medical opinion recommending elevation and icing in twenty-minute increments, three times per day, which can be performed during the morning, lunch, and afternoon breaks in an ordinary work environment. *See* AR 22, 271, 374. The ALJ's reliance on the more specific elevation regime in Dr. Williamson's reports (AR 275, 374) is not error simply because the vocational expert responded that a different, as-needed elevation regime would be a special accommodation.

Plaintiff criticizes the ALJ for failing to incorporate the fact that Plaintiff's pain is distracting and would seriously affect her ability to concentrate at work. But the ALJ noted that Plaintiff found her pain distracting, AR 20, and still reached the conclusion she did. Rather than ignoring this evidence, the ALJ acknowledged it but found other evidence in the record to be more persuasive. This judgment call is not legal error.

Lastly, Plaintiff states that she has serious limitations in her ability to perform activities of daily living in contrast to the ALJ's assertion that Plaintiff could complete many daily tasks. Doc. 20 at 12. Plaintiff argues that the ALJ failed to consider the volume of evidence describing her limitations. First, the Court notes that "[a] claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993) (citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987)). However, the ALJ *did* consider Plaintiff's statements. But the ALJ placed more weight on other evidence in the record

9

inconsistent with those statements. After considering the record as a whole, the ALJ concluded Plaintiff's limitations were not as severe as Plaintiff represented; this conclusion was not error. That is, the ALJ weighed the evidence and resolved inconsistencies between the record and Plaintiff's testimony. Substantial evidence supports the ALJ's conclusion and it is not the Court's purview to reweigh the evidence. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted).

## II. ALJ's Delegation of Responsibility to Vocational Expert ("VE")

At step four, the ALJ must determine the physical and mental demands of a claimant's past work to determine whether the claimant can continue to perform that work. The ALJ must conduct her analysis in three phases, determining (1) the claimant's RFC; (2) the demands of claimant's prior work; and (3) the claimant's ability to return to her prior work given her RFC. SSR 82-62, 1982 WL 31386; *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). Plaintiff argues that the ALJ did not make specific findings of fact regarding the demands of her past relevant work (phase two) and instead "solely relied on the VE's conclusion that [Plaintiff] could perform her past relevant work without inquiring further." Doc. 20 at 14.

Plaintiff's argument is incorrect. The ALJ identified that Plaintiff's past relevant work as a surveillance system monitor required "sedentary exertion" and stated that Plaintiff "is able to perform [this work] as actually and generally performed," that the "vocational expert determined that an individual with the claimant's residual functional capacity would be able to perform this past relevant work," and that this opinion "is consistent with the DOT as pertains to this work as generally performed." AR 23. During the hearing, the ALJ also questioned the VE about individuals with the limitations Plaintiff might be found to have. AR 50-51.

Tenth Circuit persuasive authority in *Adcock v. Commissioner, SSA*, 748 F. App'x 842, 847 (10th Cir. 2018) (unpublished), sheds some light on how to proceed. In *Adcock*, the ALJ's report cited with approval the VE's findings that the claimant's past jobs were "light as generally performed, medium as actually performed" and "light as generally performed, light as actually performed." *Id.* The ALJ reported that the VE "testified that if an individual had the claimant's [RFC], such an individual could perform the claimant's past relevant work as a bank teller or an assistant librarian at the exertional level these positions are generally performed" and therefore made the same finding himself. *Id.* The ALJ also wrote that "the [VE's] testimony [was] consistent with the information contained in the Dictionary of Occupational Titles." *Id.* During the hearing, the ALJ asked the VE about the specific limitations the claimant faced. *Id.* The Tenth Circuit found that such analysis was sufficient on the ALJ's part to satisfy the requirements of step four, phase two. *Id.*

The facts in this case parallel those in *Adcock*. The ALJ in this case identified the sedentary exertion level, approvingly cited the VE's testimony, inquired about the specifics of Plaintiff's condition during the hearing, and determined consistency with the Dictionary of Occupational Titles, just as the ALJ in *Adcock* did.

In contrast, small but important differences distinguish the facts of this case from those in *Sissom v. Colvin*, 512 F. App'x 762 (10th Cir. 2013) (unpublished), which Plaintiff cites. In *Sissom*, the claimant could perform light work with certain postural and mental limitations, and the ALJ cited only the VE's testimony that the work was "light in physical demand" and semi-skilled (or other skill levels for different past employment). *Id.* at 768. The ALJ's colloquy with the VE during the hearing, and the subsequent report, did not indicate whether the "light" work requirements satisfied the claimant's postural and mental limitations. *Id.* at 769. In the present

case, however, the ALJ asked the VE about Plaintiff's specific limitations and referenced this testimony in her report, thereby satisfying her obligations. *See* AR 23, 50-51; *see also Wells v. Colvin*, 727 F.3d 1061, 1075 (10th Cir. 2013) (ALJ "only needed to obtain enough information regarding [claimant's] limitations to determine whether [claimant] could perform her [past relevant work]").

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion To Reverse And Remand, With Supporting Memorandum, Doc. 20.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**